UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HERMAN LEE STAPLES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:03CV835(FRB) |
| ) | |
| ROGER PATTERSON, et al., ) | |
| ) | |
| Defendants. ) | |

### ORDER AND MEMORANDUM

This matter is before the Court upon the application of Herman Lee Staples (Staples) for leave to commence this action without payment of the required filing fee. At the time he submitted the application, Staples was a pretrial detainee at the St. Louis County Justice Center (Justice Center).[1] For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $13.00. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds

---

[1] Since submitting the instant application, plaintiff has been released on bond from the Justice Center.

in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1).  Applicant must pay the initial partial filing fee even though he has been released from the Justice Center on bond.  See Robbins v. Switzer, 104 F.3d 895 (7th Cir. 1997).

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six month period immediately preceding the submission of his complaint.  See 28 U.S.C. § 1915(a)(1),(2).  A review of applicant's account statement indicates an average monthly deposit of $65.00, and an average monthly account balance of $16.35.  Applicant has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $13.00, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous

if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 31 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights.  Named as defendants are Roger Patterson, a reserve officer with the St. Louis Metropolitan Police Department (SLMPD); Shell Sharp, a reserve officer with the SLMPD; "John or Jane Doe #1" identified as the "supervisor police officer"; Matthew Potter, an assistant prosecuting attorney for the City of St. Louis, Missouri; and Jennifer Joyce, prosecuting attorney for the City of St. Louis.

Liberally construing the complaint, plaintiff was behind the wheel of a 2001 Mazda Tribute which was parked at the curb. It appears that defendants Patterson and Sharp ran the license plates displayed on the Tribute through the Missouri Department of Motor Vehicles (DMV). According to the DMV's records - and by plaintiff's admission in the complaint - the license plates displayed on the Tribute did not belong to that vehicle. Instead, the plates indicated they belonged on a 1995 Nissan Altima. Defendants Patterson and Sharp detained plaintiff and, during a search of the Tribute, a weapon was found. Plaintiff was arrested and charged by grand jury indictment with carrying a concealed weapon in violation of state law.[2] Plaintiff alleges that the criminal charges are false and that his arrest was the result of racial discrimination by the defendants.

## Discussion

The gravamen of plaintiff's complaint is that he is falsely charged with possessing a concealed weapon. The Court further notes that plaintiff brought this action while his state prosecution is still pending. In <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or

---

[2]Because plaintiff has a lengthy record of prior felony convictions, plaintiff was charged with being a prior and persistent offender.

4

>     sentence invalid, a § 1983 plaintiff must
>     prove that the conviction or sentence had
>     been reversed on direct appeal, expunged by
>     executive order, declared invalid by a state
>     tribunal authorized to make such
>     determination or called into question by a
>     federal court's issuance of a writ of habeas
>     corpus.

Heck, 512 U.S. at 486-87.  The Supreme Court further directed that when reviewing a state prisoner's § 1983 complaint for damages this Court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  Id. at 487.

      The rationale of Heck concerning a post-conviction § 1983 claim for damages applies equally to a pre-conviction § 1983 claim for damages that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge.  If such a pre-conviction § 1983 claim could proceed while state criminal proceedings are ongoing, then there would be the potential for inconsistent determinations in the civil and criminal cases.  Plaintiff, for example, could use a favorable determination in his § 1983 civil action to collaterally attack an adverse decision in his state criminal case.  In terms of the harm that Heck sought to avoid, there is no difference between a conviction which is outstanding at the time the civil rights

5

action is instituted and a potential conviction on a pending charge that may be entered at some point after the civil rights action is instituted.

In the case at hand, plaintiff claims that he is actually innocent of the pending criminal charges and that his arrest and subsequent detention on these allegedly false charges is a violation of his civil rights.  A favorable determination on plaintiff's § 1983 claim would necessarily imply the invalidity of a potential conviction on his pending criminal charge. Therefore, plaintiff's complaint should be dismissed for failing to state a claim on which relief may be granted.  See Harvey v. Waldron, 210 F.3d 1008, 1013-16 (9th Cir. 2000); Beck v. Muskogee Police Dep't, 195 F.3d 553, 556-59 (10th Cir. 1999); Shamaiezadeh v. Cunigan, 182 F.3d 391, 394-99 (6th Cit. 1999); Covington v. New York, 171 F.3d 117, 121-24 (2nd Cir. 1999); Washington v. Summerville, 127 F.3d 552, 555-56 (7th Cir. 1997).

Even if not barred by Heck, plaintiff's complaint should be dismissed on abstention grounds due to the pending state court proceedings.  See Younger v. Harris, 401 U.S. 37 (1971); Bonner v. Circuit Court of the City of St. Louis, 526 F.2d 1331, 1336 (8th Cir. 1975).

Finally, because plaintiff's fourth amendment claim might not invalidate his conviction, the Court notes that plaintiff does not have a reasonable expectation of privacy in

6

information he voluntarily exposes to other people - like a license plate publicly displayed on a vehicle on a public street. See United States v. Miller, 425 U.S. 435, 442 (1976). Consequently, the defendant police officers did not violate plaintiff's fourth amendment rights by checking the plates on the Tribute against the DMV's database.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk receive and file the complaint in this action without prepayment of the required filing fee.  See 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $13.00 within thirty (30) days from the date of this order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both.  See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 26th day of January, 2004.

_____
**UNITED STATES DISTRICT JUDGE**